UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FDIC, AS RECEIVER OF NETBANK, FSB,<br><br>    Plaintiff,<br><br>v.<br><br>SAFECO INSURANCE COMPANY OF AMERICA,<br><br>    Defendant,<br><br>ROYAL INDEMNITY COMPANY,<br><br>    Third-Party Plaintiff,<br><br>v.<br><br>A&M Select Insurance Services, Inc., *et al*,<br><br>    Third-Party Defendants. | Case No. 2:02-CV-01051-KJD-LRL<br><br>**ORDER** |

Before the Court is the Motion to Bifurcate Trial filed by Defendant Safeco Insurance Company of America (#116) and the Motion to Bifurcate the Trial filed by FDIC (#117). Safeco and FDIC filed responses (##128,129) and Safeco filed a reply (#134).

I. Background

This case comes before the Court on remand from a Multi-District Litigation ("MDL") action before the Hon. Kathleen M. O'Malley in the Northern District of Ohio. Commercial Money Center

("CMC"), an equipment leasing company, obtained lease bonds from Safeco to guaranty payments from the lessee to CMC. CMC bundled the leases into a pool and assigned the rights to receive payment and the rights to make a claim on the lease bonds to various banks, including Netbank ("FDIC") in exchange for an investment in CMC.[1] Many sureties and banks were involved in these transactions and CMC, the sureties, and the banks entered into a Sale and Servicing Agreement in which the surety agreed to act as the servicer of the leases and appointed CMC as sub-servicer with the assent of the investor bank.

In 2001 CMC stopped forwarding lease payments. FDIC attempted to claim on the lease bond. Safeco determined that CMC had fraudulently induced Safeco to participate in the lease bond scheme and refused to pay FDIC's claim on the bond. FDIC alleges breach of contract, breach of fiduciary duty, promissory estoppel, conversion, bad faith, breach of the covenant of good faith and fair dealing, fraud, and declaratory relief. Royal Insurance Company filed a third-party action against A&M Select Insurance Services, Inc. and Michael Anthony.

Each of the bonds issued by Safeco contained an express waiver of fraud as a defense to payment. Before Judge O'Malley, FDIC took the position that Safeco is barred from raising fraud as a defense to payment. Safeco contended that, because the bonds originally named CMC as obligee, and the bonds were assigned by CMC to FDIC and other purchasers, the sureties were entitled to raise fraudulent inducement by CMC as a defense to payment because defenses that applied against an assignor would be as good against an assignee. FDIC argued that even if the bonds originally named CMC as obligee, the parties intended that FDIC and the other investor banks were the originally-intended obligees because, among other things, default under the bonds was triggered only by a default in payment to the investor banks who were the intended beneficiaries of any recovery thereunder.

---

[1] Federal Deposit Insurance Corporation ("FDIC") is acting as receiver for Netbank in this action.

Judge O'Malley held that the waivers in the bonds were enforceable as to the lessees and bond principals. She also ruled that whether or not fraud by CMC would be a defense to payment turned on the question of whether CMC was the original intended obligee. If CMC was the original intended obligee, Safeco could raise the defense of fraud. If FDIC was the original intended obligee, the fraud defense was waived. Since the bonds themselves only indicate CMC is the obligee, Judge O'Malley held that FDIC would have to prove the intent of the parties by reformation of the bonds.

II. Analysis

A. Legal Standard for Bifurcation

Rule 42(b) of the Federal Rules of Civil Procedure authorizes the court to order a separate trial of any claim when separation is the interest of judicial economy, will further the parties' convenience, or will prevent undue prejudice. Fed.R.Civ.P. 42(b). The decision to bifurcate is committed to the sound discretion of the trial court. Hirst v. Gertzen, 676 F.2d 1252, 1261 (9th Cir. 1982). Bifurcation is particularly appropriate when resolution of a single claim or issue could be dispositive of the entire case. See O'Malley v. United States Fidelity and Guaranty Co., 776 F.2d 494, 501 (5th Cir.1985) (bifurcation was proper when resolution of breach of insurance contract claim effectively disposed of plaintiff's bad faith claim against insurance company). Where legal and equitable claims do not share common facts, bifurcation is appropriate. Dollar Systems, Inc. v. Avcar Leasing Systems, Inc., (9th Cir. 1989) 890 F.2d. 165, 170-171.

B. Bifurcation

In the MDL actions venued in her court, Judge O'Malley conducted a bench trial on the "threshold, and potentially determinative, issue of who the parties intended to be the original obligee on the Lease Bonds issued by the Sureties in the CMC transactions." (Trial Template Dkt. #101-1 at 18.) Here, as in those cases, the parties agree that the equitable claim for reformation should be tried separately from the other issues. However, FDIC believes that the breach of contract and bad faith claims, along with Safeco's defense of fraudulent inducement, should be tried to a jury prior to a bench trial on reformation. According to FDIC, if the jury found for FDIC on its breach of contract

1  claims, there would be no need for reformation.  Safeco believes that the reformation claim should be
2  tried first.  Safeco argues that the jury cannot properly determine whether Safeco's defenses are
3  legitimate without a decision by the Court on who the intended obligee under the bonds is.
4      The Court agrees with Safeco and will follow the process used in Judge O'Malley's court.  If
5  at the bench trial, the Court determines that FDIC succeeded to the rights of CMC when the bonds
6  were assigned, then Safeco can properly assert defenses based on the alleged fraud by CMC.  If
7  FDIC's argument prevails and the contract is reformed to state that FDIC was the original intended
8  obligee, then the Court will proceed on the breach of contract and other claims before the jury.
9  Accordingly, the Court will hold a bench trial on the reformation issue on November 28, 2011.
10 Subsequent proceedings, if needed, will take place after the Court renders its decision on the
11 reformation issue.
12     C.  Bifurcation of Jury Trial
13     Safeco also request that the Court bifurcate the breach of contract claims from the claims
14 related to mishandling of the claim, including bad faith and breach of the covenant of good faith and
15 fair dealing claims.  According to Safeco, trying these claims together would cause undue prejudice
16 to Safeco.  Safeco's Motion for Summary Judgment on the claim handling issues is pending before
17 the Court.  The Court will determine whether bifurcation of the breach of contract issue and claim
18 handing issue is appropriate after resolution of Safeco's Motion for Summary Judgment.
19     D.  Third-Party Action
20     Royal Indemnity Company has indicated that it seeks to have its claims against A&M Select
21 Insurance Services, Inc. and Michael Anthony tried by a jury.  (See Dkt. #113.)  However, A&M and
22 Mr. Anthony have not appeared in this Court.  Royal Indemnity Company is ordered to file a status
23 report by October 21, 2011 on the status of the third-party claims.
24 III.  Conclusion
25     **IT IS HEREBY ORDERED that the** Safeco Insurance Company of America**'s Motion to**
26 **Bifurcate** (#116) is **GRANTED**

4

**IT IS FURTHER ORDERED** FDIC's Motion to Bifurcate the Trial (#117) is **DENIED**.

**IT IS FURTHER ORDERED** that a bench trial on the reformation issue will commence on Nov. 28, 2011 at 9:00 AM.

**IT IS FURTHER ORDERED** that Royal Indemnity Company file a status report on the third-party claims by October 21, 2011.

DATED this 7th day of October 2011.

_____
Kent J. Dawson
United States District Judge