# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| FDIC as Receiver for Netbank, FSB,         )<br>                                            )<br>         Petitioner,                       )<br>                                            )<br>vs.                                         )<br>                                            )<br>SAFECO INSURANCE COMPANY OF                 )<br>AMERICA,                                    )<br>                                            )<br>         Defendant,                        )<br>_____)<br>ROYAL INDEMNITY COMPANY,                    )<br>                                            )<br>         Third Party Plaintiff              )<br>                                            )<br>vs.                                         )<br>                                            )<br>A&M SELECT INSURANCE SERVICES,              )<br>INC. and MICHAEL ANTHONY,                   )<br>                                            )<br>         Third Party Defendants.            )<br>_____) | 2:02-cv-010512-KJD-LRL<br><br>**ORDER** |

Presently before the Court are Defendant SAFECO's Motions in Limine No. 1 (#147), No. 2 (#148), No. 3 (#149), No. 4 (#150), No. 5 (#151) and No. 6 (#152). Plaintiff, FDIC, has filed a combined response (#160).

Also before the Court is Plaintiff FDIC's Motion in Limine (#154) to which Defendant SAFECO filed a response (#159).

**ANALYSIS**

SAFECO's Motion in Limine No. 1

SAFECO seeks to limit the expert testimony of FDIC Experts Paul Palmer, Ronald Wohlust and Jerry Hudspeth from testifying on ultimate legal conclusions. FDIC states that it has no intention of eliciting such testimony and requests that the restriction should be mutual.

SAFECO's Motion in Limine No. 2

SAFECO seeks to prevent FDIC from offering evidence relating to SAFECO's handling of NETBANK'S claims on the grounds that FDIC's bad faith claims have been dismissed from the case. However, FDIC points out that the same claims-handling evidence may be relevant to the count for breach of fiduciary duty which remains.

Accordingly, the Court will allow limited evidence on the point to the extent it is relevant to the count for breach of fiduciary duty.

SAFECO'S Motion in Limine No. 3

SAFECO seeks to exclude evidence of the "obligee issue". FDIC asserts the motion is moot as FDIC has withdrawn any of its trial exhibits which would have related to the obligee issue.

SAFECO's Motion in Limine No. 4

SAFECO seeks to exclude cumulative expert testimony. FDIC's response summarizes the testimony it intends to illicit from Ronald Wohlust and Paul Palmer. As presented, the testimony would not be cumulative.

SAFECO Motion in Limine No. 5

SAFECO seeks to exclude evidence interpreting the lease bonds, Netbank's expectations regarding same or the structure of the CMC lease bond program. Evidence of the parties' intent concerning the lease bonds and the structure of the lease bond program is still relevant to FDIC's

breach of contract and breach of fiduciary duty claims, as well as to SAFECO's limited fraudulent inducement defense. If FDIC can show that the information SAFECO is contending fraudulently induced it to enter into the transactions is information that SAFECO knew or should have known, SAFECO would not be able to establish fraudulent inducement. Netbank's understanding of how the bonds and the SSA's shifted risks away from it and onto the surety will be relevant and probative, especially in light of anticipated testimony from one of SAFECO's experts that the bank could be expected to have its own due diligence and not have relied solely on the underwriting performed by SAFECO.

SAFECO's Motion in Limine No. 6

SAFECO seeks to exclude evidence of SAFECO's actions after June 22, 1999. FDIC points out that SAFECO must demonstrate justifiable reliance in connection with their defense of fraud in the inducement. SAFECO's actions after June 1999 could show that SAFECO was either aware of material facts or that such facts were within the fair and reasonable reach of SAFECO, related to its fraudulent inducement claim. FDIC can argue that SAFECO's decision not to notify the banks upon discovery of the alleged fraud would tend to show SAFECO considered the information immaterial, or be evidence of conduct inconsistent with retaining the bond premiums.

FDIC's Motion in Limine (#154)

FDIC seeks to exclude evidence concerning representations made by CMC to sureties other than SAFECO, evidence concerning individual leases and lessees other than the 521 leases and lessees covered by the lease bonds issued by SAFECO for the lease pools that Netbank acquired, and communications that SAFECO or CMC may have had with investors other than Netbank.

SAFECO responds that CMC misrepresented the default rate in its lease bond program by telling SAFECO the program had a default rate of 4-6% percent when the actual default rate was much higher and that CMC failed to disclose that River Bank, one of the largest investor banks in CMC, to that point, had been ordered by bank regulators to rid itself of the CMC lease bond pools,

failed to disclose bankruptcy filings and a criminal conviction of principals of CMC, a lawsuit against CMC for fraud in investor pools, a SEC injunction against the principal of CMC, and advances by CMC to cover up the true loss rate. Such evidence is relevant and probative of SAFECO's defense of fraudulent inducement. FDIC, in response to SAFECO's Motion in Limine Nos. 5 and 6, seeks to introduce evidence that the material facts upon which SAFECO relies for its defense of fraud in the inducement, were within the fair and reasonable reach of SAFECO. The Court has ruled above that such evidence is admissible and it is only fair that SAFECO not be unduly limited in presenting facts relevant to its defense. Accordingly, the Motion will be denied without prejudice to the right of Movant to object during the course of presentation of evidence on grounds of materiality and relevance.

## CONCLUSION

SAFECO's Motion in Limine No.1 (No. 147) is **GRANTED**, mutual as to both parties. SAFECO's Motion in Limine No. 2 (#148) is **GRANTED** except to the extent claims-handling evidence may be relevant to the count for breach of fiduciary duty. SAFECO's Motion in Limine No. 3 (#149) is **DENIED** as moot. SAFECO's Motion in Limine No. 4 (#150) is **DENIED**. SAFECO's Motion in Limine No. 5 (#151) is **DENIED** to the extent the evidence is relevant to FDIC's breach of contract and breach of fiduciary claims as well as SAFECO's limited fraudulent inducement defense. SAFECO's Motion in Limine No. 6 (#152) is **DENIED** to the extent the proposed evidence is relevant to the issue of justifiable reliance and SAFECO's conduct after its discovery of the alleged fraud.

FDIC's Motion in Limine (#154) is **DENIED** without prejudice to its right to object to evidence outside of those areas delineated in SAFECO's response (#159) or to other specific evidence based on grounds of materiality or relevance.

Dated this 18th day of November, 2011.

_____
KENT J. DAWSON
UNITED STATES DISTRICT JUDGE