UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION ON BEHALF OF NETBANK,<br><br>            Plaintiff,<br><br>v.<br><br>COMMERCIAL MONEY CENTER, *et al.*,<br><br>            Defendants. | Case No. 2:02-CV-01051-KJD-LRL<br><br>**ORDER** |

Before the Court is Plaintiff's Motion for Attorneys' Fees and Costs (#226). Defendant Safeco Insurance Company of America ("Defendant") has filed an opposition (#266) and Plaintiffs have filed a reply (#275).

I. Background

On December 8, 2011, a jury found Defendant liable for breach of contract, breach of an indemnification provision, and breach of fiduciary duty in connection with its breaches of 521 surety bonds and seven Sale and Servicing Agreements ("SSAs") that had been entered into as part of a lease-bond program developed by Commercial Money Center, Inc. ("CMC"). The jury awarded

1  Plaintiff a total of $60,475,393.90 in compensatory damages.  The jury found that "Safeco [is]
2  responsible for paying the attorneys' fees incurred by NetBank/FDIC in this case" as a result of
3  Safeco's breach of the SSAs' indemnification provision.
4        FDIC seeks a total of $7,058,504.93 in fees and $948,620.75 in costs for a total of
5  $8,007,125.68.
6  II.  Discussion
7        Nevada law permits attorneys' fees to be awarded if authorized by statute, rule, or contract.
8  See GCM Air Group, LLC v. Chevron U.S.A, Inc.,  2009 WL 1810743, at *1 (D.Nev. June 24, 2009)
9  (citing Canada Life Assur. Co. v. LaPeter, 563 F.3d 837, 847 (9th Cir.2009)). Once a party
10 establishes its entitlement to an attorneys' fees award, courts must determine the reasonableness of
11 such an award. See Id. at *4. In the Ninth Circuit, attorneys' fees are calculated using the "lodestar"
12 method, which requires the multiplication of the number of hours reasonably expended by a
13 reasonable hourly rate. Id.
14       A.  Fees Incurred in Enforcing the SSAs against Safeco
15       Section 7.1 of the seven SSAs entered into between NetBank and Safeco provides that
16 Safeco:

> "(b) ... shall  indemnify, defend and hold harmless [FDIC], and their respective officers, directors, agents and employees from and against any and all costs, expenses, losses, claims, damages and liabilities to the extent that such costs, expense, loss, claim, damage or liability arose out of, or was imposed upon [FDIC] or the respective  officers, directors, agents and employees through [Safeco's] breach of this Agreement, the negligence, willful misfeasance or bad faith of [Safeco] in the performance of its duties under this Agreement or by reason of its reckless disregard of its obligations and duties under this Agreement."

22       Safeco argues that this language is "not broad enough to support recovery of fees incurred in
23 enforcing the SSAs."  According to Safeco, Section 7.1 speaks solely to indemnity, and does not
24 address situations where FDIC brings suit to enforce the agreement.  FDIC argues that the
25 provision's language provides, not only for indemnity against third-party claims, but that Safeco
26

promised to hold FDIC harmless for "any and all ... costs, expenses, losses, claims, damages, and liabilities, that arose out of, or was imposed ... through [Safeco's] breach of this Agreement..."

The Court can discern nothing in Section 7.1 that limits Safeco's responsibility for fees and costs to third-party indemnity situations only. Safeco agreed to hold the FDIC harmless for <u>any and all</u> costs and fees arising from its breach of the SSAs. This necessarily includes fees and costs incurred in enforcing the agreements. The jury found that Safeco breached the SSAs. Accordingly, attorneys' fees for this litigation are recoverable under Section 7.1.

### B. Fees as an Element of Damages

Federal Rule of Civil Procedure 43(c) provides that "[w]hen a motion relies on facts outside the record, the court may hear the matter on affidavits or may hear it wholly or partly on oral testimony or on depositions." The Nevada Supreme Court has held that "when parties seek attorney fees as a cost of litigation, documentary evidence of the fees is presented to the trial court, generally in a post-trial motion." <u>Sandy Valley Associates v. Sky Ranch Estates Owners Ass'n</u>, 117 Nev. 948, 956 (Nev. 2001) (where parties had no agreement, fees were element of damages); see also <u>James Hardie Gypsum, Inc. v. Inquipco</u>, 112 Nev. 1397 (Nev. 1996) (attorney fees awarded pursuant to agreement were properly proven by affidavit).

Safeco argues that the fees and costs incurred in pursuing and defending third-party actions are "foreseeable damages arising from ... a breach of contract" and should have been proven at trial. However, the fees incurred in the third-party actions are not damages, but are a cost of litigation, which Safeco agreed to bear in the SSAs. Accordingly, the proper procedure for recovery is a post-trial motion supported by affidavits and documentary evidence.

### C. Apportionment of Fees Among Sureties

Safeco argues that fees should be apportioned among Safeco, Illinois Union, and Royal Indemnity, the three sureties originally sued by NetBank as predecessor to FDIC. Illinois Union and Royal Indemnity settled with FDIC during the course of the litigation. FDIC is not seeking fees for work attributable only to Illinois Union or Royal Indemnity. For work attributable to all three

3

1 sureties, FDIC has determined that $7,058.504.93 in fees were related to Safeco. According to
2 FDIC, these fees would have been incurred in prosecuting its claims, regardless of whether there
3 were three defendants or a single defendant. Safeco has failed to cite authority showing that fees
4 must be apportioned among co-defendants. Accordingly, the Court will not apportion fees that relate
5 to work on claims against all three sureties.

6       D. <u>Fees for Motions Never Filed, Unsuccessful Motions, and Other Costs</u>

7       Safeco argues that fees and costs sought by FDIC are unreasonable. In support of its position,
8 Safeco argues that certain amounts claimed by FDIC are not recoverable under N.R.S. § 18, *et seq.*.
9 FDIC is entitled to awards based on the broad contractual language of Section 7.1 of the SSAs, and
10 not N.R.S. § 18, *et seq.*. Accordingly, the Court finds that the fees sought by FDIC are reasonable
11 except for the following:

12       1. $46,059 associated with motions that were never filed, including motions to compel
13 expert testimony, and pre-trial motions in limine.

14       2. $49,666 billed by FDIC paralegals and lawyers for administrative, overhead-type
15 work including organizing documents, setting up a work room, calling the Court, etc.

16 III. Conclusion

17       **IT IS HEREBY ORDERED** that Plaintiff's Motion for Attorneys' Fees and Costs (#226) is
18 **GRANTED** in part and **DENIED** in part.

19       **IT IS FURTHER ORDERED** that fees and costs be awarded to Plaintiff in the amount of
20 $7,911,400.68.

21       DATED this 29th day of October 2012.

                                                     _____
                                                     Kent J. Dawson
                                                     United States District Judge